**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

DOUBLE EAGLE ALLOYS, INC.,

             Plaintiff,

vs.

MICHAEL HOOPER and ACE ALLOYS,
LLC.,

             Defendants.

Case No. 19-CV-243-TCK-FHM

## OPINION AND ORDER

There are three discovery motions before the court: Defendant Ace Alloy, LLC's Motion to Compel Discovery Responses, [Dkt. 48]; Plaintiff's Motion to Compel Discovery from Defendants, [Dkt. 49]; and Defendant Ace Alloy, LLC's Second Motion to Compel Discovery Responses, [Dkt. 54]. All three motions have been fully briefed and are ripe for decision.

## Background

Plaintiff Double Eagle Alloys, Inc. (Double Eagle) and Defendant Ace Alloys, LLC (Ace) are competitors in the specialty metals market. Defendant Michael Hooper was a long time employee of Plaintiff, but now works for Defendant. Before Mr. Hooper left Plaintiff's employ, he downloaded files to a storage device and took the information with him. The parties dispute whether this download was unusual or wrongful.

Plaintiff sued to recover or secure the destruction of the downloaded files, prevent Defendants from using the files, and for damages. Plaintiff recovered or secured the destruction of the files and obtained an agreed order prohibiting Defendants from using the files. The remaining issue in the case is Plaintiff's claim for damages.

Discovery has essentially ground to a halt because the parties disagree on the scope and timing of discovery. Each side argues that their position on the timing and scope of discovery is necessary to protect their position in the marketplace. Before Plaintiff identifies the allegedly confidential information contained in the downloaded files, Plaintiff seeks discovery into Defendants' business activities that have taken place since Defendant Hooper went to work for Defendant Ace so that Plaintiff can establish Defendants' use of Plaintiff's confidential information. On the other hand Defendants contend that Plaintiff should not have access to their business activities until Plaintiff identifies the confidential information at issue. Then discovery should be limited to areas that pertain to the identified confidential information. This case will benefit from a general determination about the proper scope and timing of discovery, which will be applied to the specific discovery requests at issue.

In an agreed order entered on August 28, 2019, Plaintiff secured the return or destruction of the downloaded files. The agreed order also prohibited Defendants from making use of the downloaded files. [Dkt. 39]. Plaintiff has chosen to pursue its claim for damages caused by Defendants' alleged use of its confidential information. Plaintiff is required to permit Defendant to discover the basis of its claim for damages. The appropriate scope of discovery includes the contents of those files that Plaintiff contends are confidential and that Plaintiff contends Defendants used to damage Plaintiff along with how Plaintiff contends Defendant used the information and the amount of Plaintiff's claimed damages. Once Plaintiff discloses the contents of the files upon which its claims are based, Plaintiff is entitled to discover from Defendants information about Defendants' business activities that are reasonably related to Plaintiff's claims.

In other words, Plaintiff is required to provide precisely what it considers to be the confidential or trade secret information that forms the basis of its claims, the specific use which Plaintiff alleges Defendants made of the information, and the basis for its claims of damages.  Defendant is likewise required to produce the communications it has had with those customers Plaintiff has identified as being the subject of this lawsuit.  Although both sides express concern over use of the information disclosed, it has been the court's experience that appropriate designations under the protective order in place, [Dkt. 25], sufficiently protect trade secret/confidential information.  If a particularly identified item or category of information is not sufficiently protected, that matter can be brought to the court's attention.  Furthermore, Plaintiff has the ability to control what it discloses in discovery by determining what information it will rely upon for proof of its claims, with the caveat that Plaintiff may not rely on any information not disclosed in discovery.

The foregoing is intended to govern the parties' responses to the disputed discovery addressed in this Order and going forward in this case.

**Defendant Ace Alloy, LLC's Motion to Compel Discovery Responses, [Dkt. 48]**

Interrogatory No. 11

This interrogatory seeks identification of customers referred to in Paragraph 13 of the May 31, 2019 Declaration of Chad Chrissup.[1]  The court is not persuaded by any of

---

[1] Defendant's motion did not set out the text of paragraph 13 in its brief, nor did Defendant explain who Mr. Chrissup is or how he is significant to this case.  Four pages after Mr. Chrissup is first mentioned, Defendant provided a reference to the exhibit where his declaration appears.  Elsewhere in Defendant's brief reference is made to Interrogatory No. 21, but the text of that interrogatory is not provided.  In Defendant's Second Motion to Compel, Defendant refers to paragraphs of the Complaint without providing any explanation about the content of those paragraphs.  A party's brief should provide all the information necessary for the court to gain an understanding of the dispute.  In other words, the court should not have to dig through numerous exhibits to gain an understanding of the dispute.

(continued...)

Plaintiff's assertions concerning this interrogatory.[2]   Essentially, Plaintiff argues that it should not have to answer the interrogatory because Defendants know what they did.  The motion to compel is granted as to Interrogatory No. 11.

Request for Production Nos. 1-3

These requests broadly seek production of all documents or communications identified in or in any way utilized in formulating:  Plaintiff's responses to Ace's first set of interrogatories to Plaintiff; the allegations and claims set forth in Plaintiff's Complaint; and the statements set out in the Declaration of Chad Crissup.  Plaintiff objects on the basis that the requests are overly broad and not proportional to the needs of the case.  Plaintiff states that these requests for production of documents essentially seek the same information which Plaintiff says is the entire contents of the March 22, 2019 download.  Plaintiff points out that the Court issued an order which prevents Defendants from using the downloaded information.  According to Plaintiff, it does not make sense to produce to Defendant the very information Defendant was required to disgorge.  Plaintiff states it produced the file names, which it claims should be sufficient.  In reply, Defendant states that the file names do not enable it to discern whether the file contains information that could be considered a trade secret.  Defendant also asserts that Plaintiff has refused to describe what it considers to be trade secret information.

---

[1](...continued)
Counsel are also reminded of the expectation that they comply with LCvR 37.2(d) which requires that the opening brief contain a verbatim recitation of each discovery request in dispute as well as the response and objection thereto.  Defendant's brief contained this information for some but not all of the disputed discovery requests.

[2]  Plaintiff's comment concerning a lobotomy, [Dkt. 51, p. 4], is especially unhelpful.

4

The court is not persuaded that the contents of the March 22, 2019 download was exempted from discovery by the August 28, 2019 order.  The court entered the parties' agreed order.  That order memorialized Defendants' representation that all copies of the downloaded information had been deleted and further memorialized the parties' agreement that Defendants would not maintain copies of the download and would not make use of the files for any purpose.  [Dkt. 39].  The court reads that order as prohibiting a business use of the information, not as an obstacle to discovery.  The court cannot conceive of how this lawsuit can go forward without both parties being able to access the disputed information.  The protective order is in place to enable the exchange of that information to take place.

Defendant's requests for Production of Documents Nos. 1-3  contain the following expansive language: "in any way utilized . . . evidencing, reflecting[,] or relating to."  To the extent this language exceeds the scope of discovery previously outlined, the motion to compel is denied.  Plaintiff is required to disclose the factual basis for its claims and for its damage calculations.  The motion to compel is granted as to Request for Production of Documents Nos. 1-3, as set out herein.

Interrogatories Nos. 23 and 24

These interrogaries seek sales information and sales quotes from October 1, 2018 to June 28, 2019 for those customers Plaintiff has identified as ones from whom Defendant obtained business through use of allegedly misappropriated confidential or trade secret information.  Plaintiff argues that the information is irrelevant and that Defendant has not established the relevance of the time frame set out in the interrogatories.

The court finds that the information responsive to Interrogatory Nos. 23 and 24 is relevant for discovery purposes in that the information demonstrates that the identified

businesses were actually Plaintiff's customers.   Plaintiff is required to produce the information for those customers from whom Plaintiff alleges Defendant obtained business through the use of allegedly stolen information.

Requests for Production Nos. 8, 9, and 11

Request No. 8 seeks production of all documents and communications relating to orders placed with Plaintiff by the listed companies from October 1, 2018 through June 28, 2019.  Request No. 9 seeks all communications to or from any entity identified in response to Interrogatory No. 21 (which asked Plaintiff to identify all business Plaintiff contends was lost by virtue of the allegedly improper actions taken by Defendants) from October 1, 2018 through June 28, 2019.  Request No. 11 seeks production of all communications with any individual or entity identified in response to Ace's second set of interrogatories to Plaintiff.[3]

Plaintiff objects on the basis that the requests are drastically overbroad and that the time frame is arbitrary.   The court agrees that the requests, especially No. 11, are overbroad.  Aside from making the pronouncement that it is so, Plaintiff has not offered any information to support its assertion that the period of time specified is unsuitable.

The court is persuaded[4] that documents reflecting bids, quotes, orders and related communications with the entities identified by Plaintiff as customers from whom business was lost as a result of the actions allegedly taken by Defendants is relevant for discovery purposes and that the information and documents should be produced.  The motion to compel is granted to that extent.

---

[3] Defendant's brief contains no explanation or argument about the content of the second set of interrogatories.

[4] *See* discussion at Dkt. 53, p. 9.

<u>Request for Production No. 10</u>

This request broadly seeks production of all documents which evidence, support, refer, or relate to the damage claims in this action.  To the extent these documents have not been produced, Plaintiffs are required to produce documents which support its claim for damages.

As further explained below, the cutoff date for the information and documents addressed in this motion is August 29, 2019.

**<u>Plaintiff's Motion to Compel</u> [Dkt. 49]**

Plaintiff seeks discovery of Defendant's business information to the current date. Defendant argues that the cut-off date should be June 28, 2019.  The court is not persuaded that June 28, 2019 is an appropriate cut-off date for discovery of information, nor is the court persuaded that discovery into Defendant's business should extend to the current date.  In the order entered on August 29, 2019, Defendants agreed and were ordered not to maintain any copies of or material from the March 22 download and were ordered not to use the download for any purpose.  [Dkt. 39].  Given the content of the August 29th order which prohibited the use of the downloaded information, and in the absence of any concrete information that the agreed order has been violated, the court finds that August 29, 2019, is an appropriate cut-off.[5] Documents generated up to that date must be produced.

_____

[5] Should concrete information that the order has been violated arise, the date can be re-evaluated on motion and presentation of such information.

### Request for Production No. 3

This request seeks production of all sales by Defendant to a specific list of Plaintiff's customers. The motion to compel is granted as to this request.

### Request for Production No. 4

This request seeks all written communications from Defendant Michael Hooper to a list of Plaintiff's customers. The motion to compel is granted as to this request.

**Defendant's Second Motion to Compel [Dkt. 54].**

### Interrogatory No. 2

This interrogatory requests Plaintiff to describe in detail the confidential customer information Plaintiff referred to in Paragraph 10 of the Complaint. Plaintiff responded by repeating the same verbiage contained in the Complaint and provided a list of specific computer file names. Defendant argues that the list of file names does not identify what information Plaintiff contends constitutes trade secret information. Defendant further points out that the file list contains files that do not pertain to Plaintiff's business at all, but to golf, basketball, and Mr. Hooper's infant son.

The motion to compel is granted as to this interrogatory.

### Interrogatory No. 4

This interrogatory seeks a detailed description of the information referred to in paragraph 12 of the Complaint. That paragraph alleges that Defendant downloaded information from Plaintiff's computer system about Plaintiff's 18 largest customers. The paragraph recites that the information included:

> (a) customer contact information, (b) contracts and pricing agreements with amendments, (c) material specifications, (d) drawings/prints of customer parts, (e) Double Eagle invoices to

customers, (f) material test reports, (g) packing slips of shipments, (h) letter of credit agreements for international customers, (I) current price quotes, (j) detailed information about ongoing contract negotiations with customers, (k) audits and forms, (l) customer AMLs, (m) terms and conditions of sales, and (n) power points of quarterly business reviews with Double Eagle's partners in business.

[Dkt. 2, p. 2]. Plaintiff's response consisted of a recitation of the same language contained in paragraph 12. Defendant asserts that it has a right to know what specific allegedly trade secret information is at issue. That is, exactly what customer information, what drawings, what pricing agreements, what test reports, et cetera are being referred to in the Complaint. Plaintiff asserts that it sufficiently answered the interrogatory by proving a list of computer file names. Plaintiff further states that Ace is in the best position to know what information it used.

The court finds that Plaintiff did not sufficiently answer the interrogatory. If Plaintiff has knowledge about what specific information that Defendant has used, Plaintiff must identify that specific information for the particular client, or state that it has no such knowledge.

### Interrogatory No. 5

This interrogatory asked for a detailed description of the information referred to in paragraph 14 of the Complaint, which generally refers to other confidential customer specific files owned by Plaintiff. Plaintiff responded, see response to Interrogatory Nos. 2 and 4. Defendant asserts that Plaintiff did not provide a meaningful response.

If the file lists provided by Defendant in answer to Interrogatory Nos. 2 and 4 consist of the universe of customer specific files at issue, Defendant is required to say so in

response to Interrogatory No. 5.  Otherwise Defendant is required to provide a detailed response to the interrogatory.

### Interrogatory No 21

This interrogatory asks Plaintiff to identify by customer or amount all business that it contends it has lost due to Defendants' actions.  Plaintiff responded, see response to Interrogatory No. 13.  Defendant notes that Plaintiff's response to Interrogatory No. 13 lists only six customers, whereas Plaintiff previously submitted a "Damages Analysis" which is not verified, but which included lost profits for twelve customers.  Plaintiff asserts that its "Damages Analysis" was its best guess at the time, but the later information provided in response to Interrogatory No. 13 constitutes its answer to Interrogatory No 21.

Relying on Plaintiff's representation, the motion to compel is denied as to Interrogatory No. 21, again proof of Plaintiff's claims is limited to the information disclosed in discovery.

### Interrogatory No. 22

This interrogatory requests the following:

> For all business identified in Your Response to Interrogatory No 21, describe in detail the factual basis for Your contention or belief in that regard, and identify and Documents or Communications relating to Your Response.

[Dkt. 54, p. 12].  Plaintiff responded "See Response to Interrogatory No. 13." *Id.* Defendant states that the response to Interrogatory No. 13 fails to provide any detailed information as to how any business was lost as a result of any action by Defendants. Defendant states it also fails to identify any alleged trade secret information allegedly misappropriated and used by Defendants to obtain business  from those customers at the

expense of Plaintiff.  Plaintiff states that in its response to Interrogatory No. 13, it provided all the information it currently possesses.

Relying on Plaintiff's representation, the motion to compel is denied as to Interrogatory No. 22.

## CONCLUSION

Defendant Ace Alloy, LLC's Motion to Compel Discovery Responses, [Dkt. 48], Plaintiff's Motion to Compel Discovery from Defendants, [Dkt. 49], and Defendant Ace Alloy, LLC's Second Motion to Compel Discovery Responses, [Dkt. 54], are GRANTED in part and DENIED in part as set out herein.  Plaintiff has 3 weeks from the date of this order in which to comply; Defendant has three weeks from the date of Plaintiff's production in which to comply.

SO ORDERED this 15th day of May, 2020.


Frank H. McCarthy
_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE