IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOUBLE EAGLE ALLOYS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL HOOPER and ACE ALLOYS, LLC., <br><br> Defendants. | Case No. 19-CV-243-TCK-FHM |

**OPINION AND ORDER**

Defendants' Motion for Sanctions, [Dkt. 74], and Plaintiff's Motion to Compel, [Dkt. 75], have been fully briefed and are ripe for decision.

Some context is required to address the current motions.  On March 22, 2019, Defendant Michael Hooper downloaded some files from Plaintiff who was his employer at the time.  Defendant Hooper left his employment with Plaintiff and went to work for Defendant Ace Alloys on April 8, 2019.  This case was filed on May 19, 2019.  On August 28, 2019, the Court entered the parties' agreed order that recited the downloaded information had been deleted and no use would be made of the information.  The remaining claim in the case is Plaintiff's claim for damages resulting from Defendants' alleged use of the downloaded information to secure sales from Plaintiff's clients.  Based on the foregoing, the possible use of the downloaded information that Plaintiff claims is trade secret information could have taken place from April 8, 2019 to August 28, 2019, a period of just over four and a half months.

On May 15, 2020, the Court entered an order resolving three discovery motions. [Dkt. 63].  At the time the order was written, Defendants no longer had access to the downloaded information that is the subject of the lawsuit and Plaintiff refused to produce

more than a file list to Defendants.  Defendants thus had no way to evaluate whether the downloaded information could even constitute trade secret information.

The Court entered the May 15 discovery order in an effort to streamline discovery and forestall future disputes.  The Court took into account the short time frame during which any use could have been made of the downloaded information and the parties' reluctance to share information with a direct competitor.  The order staged discovery, requiring Plaintiff to first produce the files it contended were confidential, and explain how Plaintiff contends the information was used to harm it.  Plaintiff was further required to specify the amount of damage claimed as a result of the alleged use of its information.  Once that information was disclosed, Plaintiff was entitled to discover information about Defendants' business activities related to Plaintiff's claims.  [Dkt. 63, p. 2].

The order specified Plaintiff was required to:

> provide precisely what it considers to be confidential or trade secret information that forms the basis of its claims, the specific use which Defendants made of the information, and the basis for its claims of damages.

[Dkt. 63, p. 3].  The Court reiterated that Plaintiff was required to "disclose the factual basis for its claims and for its damage calculations," [Dkt. 63, p. 5], and to describe in detail the confidential information on which it is relying for its claims, [Dkt. 63, p. 8].  Following Plaintiff's disclosure of the information required by the order, Defendants were to produce all sales by Defendants to a list of 18 of Plaintiff's customers and to produce all written communication from Defendant Michael Hooper to those same customers during the four and a half month time frame at issue.  [Dkt. 63, p. 8].

The Court's order was broader than the particular discovery requests at issue. The Court's general comments were intended to state in clear terms what the parties were both being required to produce, provide a rationale for the resolution of the parties' specific discovery disputes, and to guide the scope of future discovery. Unfortunately, rather than serving to narrow the parties' dispute, the order appears to have expanded the basis for disagreement which has resulted in the two motions under consideration.

### **Defendants' Motion for Sanctions [Dkt. 74]**

Defendants seek sanctions against Plaintiff for failing to comply with the order. Defendants contend Plaintiff did not specify what it considers to be trade secret information as ordered, but produced documents and identified broad categories of information. Further Plaintiff did not identify any specific information allegedly used by Defendants to obtain customers. The Court has reviewed Plaintiff's Fourth Set of Supplemental Responses, [Dkt. 74-2], and finds that the information supplied in response to Interrogatory No. 2, [Dkt. 74-2, pp. 3-7], does not describe in detail what Plaintiff contends is trade secret information. Although Plaintiff's production of documents and identification of files may satisfy Plaintiff's obligations under Fed.R.Civ.P. 33(d), it does not satisfy the intent of the Court's order which was for Plaintiff to describe in detail and identify what it considers to be confidential customer information and trade secret information. Considering the allegations in Plaintiff's Complaint, the short period of time involved, and the proof required for Plaintiff's claims, the Court finds that the burden to Plaintiff is not too onerous. *See Oklahoma Land Holdings, LLC v. BMR II, LLC*, No. CIV-17-1036-D, 2020 WL 4284806, at *10–11 (W.D. Okla. July 27, 2020) (setting out definition of trade secret and elements of Plaintiff's claims). Although the ultimate determination as to whether information

constitutes a trade secret is made by the trier of fact, *id.* at * 11, the Court finds that the alleged trade secret information must be specifically identified in advance of that determination.

To be clear, Plaintiff is required to describe in detail and identify the confidential customer information and trade secret information upon which its claims are based.

With regard to the specific use made of the information, Plaintiff has stated its belief that Defendants used its price quotations, DEA margins, price specifications, and parts drawings for these four clients: K&B; Borets; Alkhorayef; and Taylor Valve. [Dkt. 74-2, p. 8]. Plaintiff represented it has no further knowledge about information used with these four clients and no specific knowledge about use of information with the other fourteen Plaintiff named. *Id*. at 9.

Defendants assert that Plaintiff's August 10 Interrogatory Supplement did not identify a single price quote, drawing, specification, or margin that it contends Defendants used to obtain business from the named customers at the expense of Plaintiff. [Dkt. 74, p. 14]. The Court reads Plaintiff's response to mean it believes but does not know whether any of its allegedly trade secret or confidential information was actually used with the four named clients. Plaintiff cannot be faulted for that admission.

Plaintiff asserts that it disclosed the factual basis for its claims and for its damage calculations in its Second Amended Response to Interrogatory No. 13. [Dkt. 74-3, p. 2]. That response is not appended to the parties' papers so the Court cannot assess whether the response adequately fulfills Plaintiff's obligations under the order. However, Plaintiff was previously cautioned that it could not rely on any information not disclosed in discovery. [Dkt. 63, p. 3]. Since Plaintiff was directly ordered to provide specific

information and since Plaintiff represents it provided that information in its Second Amended Response to Interrogatory No. 13, the Court will accept Plaintiff's representation that it has given a complete response. Therefore, in light of the May 15 order, absent a <u>strong</u> showing of good cause for the failure to make a more complete disclosure, Plaintiff's proof of damages is limited to the information contained in its Second Amended Response to Interrogatory No. 13.

The Court finds that Plaintiff did not fully comply with the May 15 order. Since there may have been room for interpretation of that order, and since Defendants have not demonstrated prejudice that cannot be rectified by Plaintiff's production of the information ordered herein, Defendants' Motion for Sanctions, [Dkt. 74], is denied.

**Plaintiff's Motion to Compel [Dkt. 75]**

Pursuant to the Court's order, after Plaintiff provided the required discovery, Defendants were required to produce all sales by Defendants to the eighteen customers Plaintiff listed and to provide all written communications from Defendant Hooper to that list of customers for the time period from April 8, 2019 to August 28, 2019. Defendants take the position that the order limited its responsibility to produce sales and communications only to the four customers named by Plaintiff as ones with whom Plaintiff believed Defendants had made use of the disputed information. Responsive information for the four customers has been produced. Responsive information for the remaining 14 customers has not been produced.

The Court did not intend to limit Defendants' response to the four customers. The Court intended the eighteen customers were to represent the universe of possible customers for whom information would have to be provided subject to Plaintiff's decision

to limit that number by determining it would not produce information from its files related to particular clients. [Dkt. 63, p. 3]. Defendants represent that Plaintiff's production did not include files related to customers Apergy and Extract. [Dkt. 74, p. 8; Dkt. 83, p. 4, n1]. As a result, there is no basis for discovery of their information concerning these clients. Plaintiff does not contest this assertion.

Based on the foregoing, Plaintiff's Motion to Compel, [Dkt. 75], is granted as to the named clients. Except for Apergy and Extract, Defendants are required to provide sales and Defendant Hooper's written communication with the named customers for the period from April 8, 2019 to August 28, 2019.

## Conclusion

Plaintiff is hereby ordered to describe in detail and specifically identify the confidential customer information and trade secret information upon which its claims are based. Otherwise, Defendants' Motion for Sanctions, [Dkt. 74], is DENIED.

Plaintiff's Motion to Compel, [Dkt. 75], is GRANTED in part. Except for Apergy and Extract, Defendants are required to provide sales and Defendant Hooper's written communication with the named customers for the period from April 8, 2019 to August 28, 2019.

The parties will bear their own attorneys fees related to these motions.

SO ORDERED this 27th day of October, 2020.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE