IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOUBLE EAGLE ALLOYS, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL HOOPER and ACE ALLOYS, LLC.,<br><br>    Defendants. | Case No. 19-CV-243-TCK-FHM |

## OPINION AND ORDER

The Motion to Quash Subpoena filed by Peak Machining Group, [Dkt. 78], Defendants' Motion to Quash Subpoenas Duces Tecum, [Dkt. 79], and Motion for Protective Order, [Dkt. 80], and Motions to Quash Amended Subpoenas, [Dkt. 90, 91], are before the court for decision.

Plaintiff issued subpoenas duces tecum to Peak Machining Group (Peak) and Tulsa Centerless, LLC (TC) asking those non-parties to produce: "any drawings of parts, specification for parts, quotes or purchase orders relating to Ace Alloys, LLC from April 5, 2019 to present and/or any correspondence relating to same." [Dkt. 78, p. 5; Dkt. 79-3]. The subpoenas were amended to supply dates and times missing from the original subpoenas and to limit the time frame from April 5, 2019 to August 19, 2019.

Peak seeks to quash the subpoena under Fed.R.Civ.P. 45(d)(3)(B)(i) which permits the court to quash or modify subpoenas that require production of trade secret, confidential research, or commercial information. Peak asserts that it is not a party to the lawsuit and the subpoena seeks information that is confidential commercial information subject to a mutual non-disclosure agreement between Peak and Defendant Ace. Peak also asserts

that it competes with Plaintiff Double Eagle in the narrow industry of manufacturing pump shafts.

Defendants seek to quash the subpoena to Peak and the subpoena issued to TC arguing that the subpoenas seek information outside of the scope of discovery outlined by the May 15, 2020 order, [Dkt. 63].  Defendants point out that the subpoenas are not limited to the customers at issue and further assert that the recipients of the subpoenas are not customers, but are suppliers of machining services.  Defendant Ace also asserts that it has a non-disclosure agreement with TC.

Plaintiff argues that the Defendants do not have standing to object to the subpoenas; the May 15 order does not restrict the scope of discovery from third parties; that Defendants should be estopped from arguing that the information sought by the subpoenas is confidential because they have taken the position that the information downloaded from Plaintiff by Defendant Hooper was not confidential trade secret information, and the drawings Defendant Hooper used to solicit sales from Plaintiff's client Alkhorayef were obtained from TC.  In addition, Plaintiff asserts that its subpoenas seek information from Peak and TC that may not be possessed by Defendants because the subpoenas broadly seek documents or communications *relating to* Defendant Ace.  According to Plaintiff, communications between Peak and TC or a third party relating to Ace would be encompassed by the scope of the subpoenas but Defendants would not likely possess a copy of such communications.

Plaintiff asserts that Peak's concerns about disclosure of confidential or proprietary information can be addressed by redacting its own confidential information and by designating information it produces "Attorney Eyes Only" under the protective order in place

in this case.  Further, Plaintiff states that the information it seeks is within the broad scope of discovery for this case.

The court notes that Plaintiff's assertion that the information sought by the subpoenas is within the scope of discovery is not accompanied by any discussion of how the information sought might relate to Plaintiff's claims or any defense.  In view of the short period of time during which any allegedly confidential information obtained by way of the downloaded information at issue could have been used by Defendants, the court views the scope of discovery to be fairly narrow.  Plaintiff has identified possibly eighteen clients from whom Defendants allegedly obtained business by employing information that was downloaded.  Since the subpoenas do not limit the information sought to the possibly eighteen clients at issue, the court finds that the subpoenas exceed the scope of discovery.  There has been no information provided to the court to suggest that communications between Peak or TC and third parties *relating to* Ace have any possible relevance to the matters at issue in this case.  Thus, the court finds that there has been no showing of substantial need for the requested information as contemplated by Fed.R.Civ.P. 45(d)(3)(C)(i).

In view of the lack of obvious relevance of the subpoenas to the matters at issue in this lawsuit, the lack of any argument as to relevance, and the existence of non-disclosure agreements between the non-parties and Defendant Ace which suggests the information sought constitutes trade secret or confidential commercial information, the court finds that there is no basis for imposing any burden on the non-parties to respond to the subpoenas. Fed.R.Civ.P. 45(d)(3)(B)(i).

The Motion to Quash Subpoena filed by Peak Machining Group, [Dkt. 78], Defendants' Motion to Quash Subpoenas Duces Tecum, [Dkt. 79], and Motions to Quash Amended Subpoenas, [Dkt. 90, 91], are GRANTED. Defendants' Motion for Protective Order, [Dkt. 80], is MOOT.

SO ORDERED this 27th day of October, 2020.

_/s/ Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE