# United States District Court
## for the Northern District of Oklahoma

Case No. 19-cv-243-JDR-CDL

DOUBLE EAGLE ALLOYS, INC.,

*Plaintiff,*

*versus*

MICHAEL HOOPER; ACE ALLOYS, LLC,

*Defendants.*

### OPINION AND ORDER

Following the entry of an order granting summary judgment in their favor, Defendants Ace Alloys, LLC and Michael Hooper filed a motion for an award of attorneys' fees pursuant to Rule 54 of the Federal Rules of Civil Procedure. Dkt. 346. Defendants argue that, as the prevailing parties in this case, they are entitled to recover the attorneys' fees they incurred in defense of Double Eagle's federal and state trade-secret misappropriation claims. *See* 18 U.S.C. § 1836(b)(3)(D) and Okla. Stat. Ann. tit. 78, § 89. The Court DENIES the motion.

Section 1836(b)(3)(D) provides that a court may award reasonable attorneys' fees to a prevailing party where a trade-secret misappropriation is made in bad faith. 18 U.S.C. § 1836(b)(3)(D). The standard for an award of fees under Oklahoma law is the same. Okla. Stat. Ann. tit. 78, § 89. There is no question that Defendants are the prevailing parties in this case. *E.g., API Americas Inc. v. Miller*, 380 F. Supp. 3d 1141, 1150 (D. Kan. 2019) (concluding that the plaintiff was entitled to summary judgment on its misappropriation claims but reserving for a jury the question of whether the defendant's

Case No. 19-cv-243

conduct justified an award of fees). The only question disputed by the parties is whether Plaintiff's misappropriation claims were made in bad faith. *See* Dkt. 346 at 3, 9-13; Dkt. 352 at 13-25.[1]

Defendants suggest that the only purpose of this action was to intimidate Defendants and stifle competition. Dkt. 346 at 2-3, 7. The evidence shows that Double Eagle had a good faith belief that Defendant Michael Hooper had stolen information that, in Double Eagle's estimation, constituted trade secrets. Double Eagle has consistently claimed that Mr. Hooper downloaded confidential files to a personal storage device prior to leaving his employment to work for Ace Alloys. Dkt. 2 at ¶ 12. It had a factual basis for making this claim, as Defendants acknowledge. Dkt. 346 at 4-5. Double Eagle's claim gained momentum as the case progressed; discovery and expert evidence confirmed Double Eagle's suspicion that Mr. Hooper had taken Double Eagle's information and accessed it while employed by Ace. *See* Dkt. 352 at 10-11. Although the Court ultimately found that Double Eagle *failed to present sufficient evidence* to establish that the misappropriated files contained or constituted trade secrets, it did not find that Double Eagle *could not have presented* such evidence. Dkt. 343. In fact, the Court found the opposite. *See id.* at 9-10 (acknowledging the possibility that the misappropriated files contained trade secrets but granting summary judgment because Double Eagle had "done nothing to distinguish the wheat from the chaff").

Defendants argue that Double Eagle's failure to articulate a trade secret is proof of bad faith, and cites *Cherokee Chemical Co. v. Frazier*, No. CV 20-1757-MWF (ASX), 2022 WL 2036305 (C.D. Cal. Apr. 27, 2022), in support. It is true that, in *Cherokee Chemical*, the plaintiff's misappropriation claim was deemed "objectively specious" because the plaintiff had failed to identify a potential trade secret with "reasonable particularity." *Id.* at *4. But the court's determination of bad faith did not rest on that fact alone: The

---

[1] All citations utilize CMECF pagination.

Case No. 19-cv-243

court also considered other circumstantial evidence suggesting the suit was brought to suppress competition, including the timing of the litigation; the history of litigation between the parties; the plaintiff's failure to produce documents, meet and confer regarding discovery motions, or provide its portion of a joint stipulation; and the fact that a settlement was reached the day before the plaintiff was required to supplement its discovery. *Id.* at *5. The evidence that supported a finding of bad faith in *Cherokee Chemical* is not present here.[2]

Although Double Eagle's misappropriation claims ultimately failed as a matter of law, they were not objectively baseless. *See Fed. Trade Comm'n v. Freecom Commc'ns, Inc.*, 401 F.3d 1192, 1201 (10th Cir. 2005) (recognizing that "a claim that fails as a matter of law is not necessarily lacking any basis at all"). It was not unreasonable for Double Eagle to believe that it could have made out a trade-secret claim, even if it ultimately failed to do so. The Court cannot say, based on the evidence provided in parties' briefing in connection with both this motion and their motions for summary judgment, that Double Eagle's claims were "entirely without color" or were "asserted wantonly, for purposes of harassment or delay, or for other improper reasons." *Sterling Energy, Ltd. v. Friendly Nat'l Bank*, 744 F.2d 1433, 1435 (10th Cir. 1984) (citation and internal quotation marks omitted). Accordingly, the Court finds that the evidence is not sufficient to support an award of attorneys' fees, and Defendants' motion [Dkt. 346] is DENIED. Defendants' corresponding motion to

---

[2] The other cases relied upon by Defendants are likewise distinguishable. There is no evidence that the allegations in Double Eagle's complaint were "intentionally misleading." *Cf. Magnum Mach., LLC v. Terves, LLC*, No. 20-3779, 2021 WL 5772533, at *5 (6th Cir. Dec. 6, 2021) (affirming finding of bad faith where a document "didn't actually contain the elaborate trade secrets presented in [the] complaint"). Nor is there any indication that the claims lacked factual support by the close of discovery. *Cf. Zoppas Indus. de Mexico, S.A. de C.V. v. Backer EHP Inc.*, No. CV 18-01693-GBW-CJB, 2023 WL 7530247, at *2 (D. Del. Nov. 13, 2023) (awarding attorneys' fees where the parties "agree[d] that there [was] no evidence" in support of the plaintiff's allegations by the time summary judgment was entered).

Case No. 19-cv-243

bifurcate the issue of entitlement to fees from the issue of the amount of fees is DENIED as MOOT.

DATED this 19th day of November 2024.

_____
JOHN D. RUSSELL
*United States District Judge*